# Harry Kilduff, Appellee, v. Consolidated Coal Company of St. Louis, Appellant.

1. MINES AND MINERS—*when operator liable for failure to mark dangerous places.* The statute is imperative that a mining company shall examine the mine each day and mark all dangerous places before permitting a miner to enter the mine for work, and any failure to discover a dangerous place which might be discovered by the exercise of reasonable care and caution on its part, or a failure to mark such condition with a conspicuous chalk mark so that a miner may be given positive knowledge of the dangerous condition, constitutes a wilful violation.

2. MINES AND MINERS—*when operator liable for failure to furnish props.* While it is the duty of a miner to set all props and to place all braces necessary to keep his room in a safe working condition, it is the duty of the operator to furnish these props, of sufficient number and length, whenever required or called for by the miner; and his failure to do so if injury results is a wilful violation which entitles a recovery.

3. MINES AND MINERS—*what not defense to action charging wilful violation.* Contributory negligence is not a defense to an action under the Mines and Miners Act charging wilful violation thereof.

Action in case for personal injuries. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed November 1, 1911.

BROWN, WHEELER, BROWN & HAY, for appellant; MASTIN & SHERLOCK, of counsel.

TRUMAN A. SNELL and JESSE PEEBLES, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff was a miner working for the defendant company; his room in the mine was known as Number 31, in the second left west entry. This room had been cut to the depth of about one hundred and twenty feet. On the day before the accident, plaintiff and his

"buddy," one Kelly, had been working in this room. Four shots were fired in the room the evening before the accident. On the day previous to the accident, the mine examiner examined the mine under the requirements of the statute, and placed upon the face of the room the date, "6-2," meaning June 2. At that time, he also marked with a cross, a point where he considered it necessary for the plaintiff and his "buddy" to set a prop for the purpose of sustaining the roof, and this prop was, on that day, set. The shots fired on that evening knocked the prop, with one or more other props in the room, down. The mine was not operated in April and May; work was started about June first; in March before work was suspended, the roof for some distance back from the face of the mine had been marked as dangerous; those marks continued to remain there. On the morning of the accident, plaintiff entered the mine and proceeded to this room in which he had also worked in March; his "buddy," Kelly, did not appear for work that morning. On entering the room alone, plaintiff discovered that the props had been knocked out, one was lying by the side of the track which was laid in the room for the purpose of hauling out the coal, another was upon a pile of "gob" along the track. Plaintiff made an examination of his room that morning and found upon the face of his room a mark made by the mine examiner at about four o'clock on the morning of June 3; this mark was "6-3." When the mine examiner examined this room on June 3, and discovered that the props had been knocked out, and the old marks made in March and also the marks of the previous day were still at the point where he had indicated on June 2 a prop should be placed, he made no further markings in that room on June 3. There had been no marks made on the roof since March. When plaintiff went to work on the morning of June 3, he proceeded to

load some coal and "gob" into the car which was then in his room. About an hour after his entering the room he commenced to clean away the "gob" for the purpose of replacing the props which had been knocked out by the firing of the shots on the previous evening, and it was while removing the "gob" from the place where the mine examiner had indicated the props were to be set that a block of slate about five or six feet long and about that width and from twelve to eighteen inches thick fell on the plaintiff, dislocated his hip and ankle and otherwise severely bruised him. He was removed from the mine, sent to his home, and placed under the care of a physician; he was confined to his house some six or eight weeks, and brings this action to recover for those injuries, alleging wilful negligence on the part of the defendant in failing properly to mark a dangerous place in the mine, being the place in the roof from which the slate fell, and that by reason of the failure of the defendant to perform its statutory duty in this regard, plaintiff was injured. Plaintiff recovered a judgment for $1,500, from which defendant appeals.

Defendant insists on a reversal of this judgment upon the contention that the record does not disclose any wilful violation of the statute on the part of the defendant, and that the failure of the mine examiner to mark the roof as dangerous on the morning of June 3 was not the proximate cause of the injury, also upon the ground that the greater weight of the evidence discloses that at the time of the examination by the mine examiner, as required by law, the roof was not in a dangerous condition.

The statute is imperative upon the defendant mining company that it shall examine the mine each day and mark all dangerous places before permitting a miner to enter the mine for work, and any failure to discover a dangerous place which might be discovered

by the exercise of reasonable care and caution on its part or a failure to mark such condition with a conspicuous chalk mark so that a miner may be given positive knowledge of the dangerous condition of the roof or place constitutes a wilful violation of the mining act, and while a miner may be guilty of contributory negligence in entering a mine, but for which the injury would not have occurred, such contributory negligence is no defense on the part of the mining company. Kelleyville Coal Co. v. Strine, 217 Ill. 516-28; Mertens v. So. Coal Co., 235 Ill. 540-48.

Where the negligence charged is a wilful failure to perform its duty in compliance with the provisions of the statute, it is incumbent upon the plaintiff to show by a preponderance of the evidence that the wilful failure of the defendant to perform its duty and comply with the statute was the proximate cause of the injury. The only charge of negligence in the declaration which constitutes a wilful violation of the statutes by the defendant is that the defendant failed conspicuously to mark the dangerous place alleged to have existed in the roof of this room, and that by reason of the failure to mark such place plaintiff was injured. If proof in this record is sufficient to sustain the charge that such failure to perform its duty was the proximate cause of the injury, then the plaintiff is entitled to recover. While it is the duty of a miner, under the law of this state, to set all props and to place all braces necessary to keep his room in a safe working condition, it is the duty of the defendant to furnish these props, of sufficient number and length, whenever required or called for by the miner. On June 2, the face of the room was marked by the mine examiner as having been examined by him on that date and a point indicated by a cross where plaintiff and his "buddy" should, for their own safety, set a prop, and the prop was set by them at the place indicated by the mine ex-

aminer. Although on the morning of the accident, June 3, the mine examiner discovered that this prop had been removed or knocked out by the firing of the shots the night before, he did not re-mark the position where it was necessary to place props; the fact that plaintiff knew the conditions and testified that he discovered that the slate was loose and liable to fall did not relieve the defendant from its duty of marking the roof at this dangerous place and although plaintiff commenced to clear away the "gob" for the purpose of re-setting the two props which had been knocked out, although such act may have been contributory negligence, this would not bar a recovery if defendant was guilty of wilful violation of the statutory duty to mark a dangerous place and the wilful failure to mark the place was the proximate cause of the injury, and the question of what was the proximate cause was a question of fact to be determined by the jury. Mertens v. So. Coal Co., *supra*.

It was the duty of the mine examiner to re-mark the place where this loose slate was on the morning of June 3 when he discovered it was still in a dangerous condition, and from the evidence we are satisfied that the jury was warranted in finding the defendant guilty of the negligence charged in the declaration and that this negligence was the proximate cause of the injury.

The question of what was the proximate cause being the only question argued by appellant, all other errors assigned are considered waived.

There being no error in the record, the judgment is affirmed.

*Affirmed.*